UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE E. WILSON,

        Petitioner,

                                         CASE NO. 14-12490
v.                                    HONORABLE LAWRENCE P. ZATKOFF

THE STATE OF MICHIGAN,

        Respondent.
_____/

### ORDER SUMMARILY DISMISSING THE HABEAS PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

### I.  Introduction

This matter is pending before the Court on petitioner Dwayne E. Wilson's *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner is a detainee at the Macomb County Jail in Mt. Clemens, Michigan. He alleges that, in 2009, he was convicted of first-degree (felony) murder, Mich. Comp. Laws § 750.316(1)(b), second-degree murder, Mich. Comp. Laws § 750.317, assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.84, unlawful imprisonment (two counts), Mich. Comp. Laws § 750.349b, and felony firearm, Mich. Comp. Laws § 750.227b. The jury acquitted Petitioner of first-degree premeditated murder and home invasion.

The state trial court sentenced Petitioner to life imprisonment for the felony murder conviction, thirty-six to sixty years in prison for the second-degree murder conviction, five to fifteen years in prison for the unlawful imprisonment convictions, five to ten years in prison for the assault conviction, and five years in prison for the felony-firearm conviction. On appeal from his convictions, however, the Michigan Court of Appeals, vacated Petitioner's convictions and sentences and remanded his case for a new trial on the basis that the trial court deprived Petitioner

of his constitutional right to represent himself. *See People v. Wilson*, No. 296693, 2011 WL 1778729 (Mich. Ct. App. May 10, 2011). The prosecution appealed, but the Michigan Supreme Court denied leave to appeal on September 6, 2011. *See People v. Wilson*, 801 N.W.2d 882 (Mich. 2011).

On remand, the prosecution filed an amended information charging Petitioner with all the same crimes, including home invasion. Petitioner alleges that no court date was set until he moved to dismiss his case for lack of jurisdiction. The trial court apparently denied his motion, and it appears that the Michigan Court of Appeals denied Petitioner's interlocutory appeal from the trial court's order. On May 24, 2013, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Wilson*, 830 N.W.2d 383 (Mich. 2013).

Petitioner also moved to dismiss the felony-murder charge on the basis that the jury had acquitted him of the underlying felony (home invasion). The trial court granted Petitioner's motion and dismissed the felony-murder count. The prosecutor appealed, and, on November 15, 2012, the Michigan Court of Appeals reversed the trial court's decision, reinstated the felony-murder charge, and remanded the case to the trial court. *See People v. Wilson*, No. 311253, 2012 WL 5854885 (Mich. Ct. App. Nov. 15, 2012). Recently, however, the Michigan Supreme Court reversed the judgment of the Court of Appeals and remanded Petitioner's case to the trial court for further proceedings. The state supreme court held that the Double Jeopardy Clause prevents the prosecution from re-charging Petitioner with felony murder, but the prosecution is free to retry Petitioner on all the other vacated convictions. *See People v. Wilson*, __ N.W.2d __, No. 146480, 2014 WL 2765737 (Mich. June 18, 2014).

On June 25, 2014, Petitioner filed his habeas corpus petition in this Court. He alleges: (1)

after his convictions were vacated by the Michigan Court of Appeals on May 10, 2011, he was not brought to trial within 180 days, as required by Mich. Comp. Laws § 780.131; (2) he has been denied his federal constitutional right to a speedy trial; and (3) the prosecution has deprived him of his right to present a defense and his right to due process of law by suppressing or destroying evidence.

## II. Discussion

Petitioner's current status is that of a pretrial detainee. Pretrial detainees may seek habeas corpus relief in federal court under 28 U.S.C. § 2241, "which extends the writ to, among others, persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Phillips v. Ct. of Common Pleas, Hamilton Cnty., OH*, 668 F.3d 804, 809 (6th Cir. 2012) (quoting § 2241(c)(3)). Petitioner filed his pleading under 28 U.S.C. § 2254, which governs habeas corpus petitions brought by persons in custody under a state court judgment. Petitioner is no longer in custody under a state court judgment, but even if the Court were to construe his pleading as one brought under 28 U.S.C. § 2241, federal

> courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (internal citations omitted); *see also Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging the authority of federal courts to consider a habeas corpus petition before a judgment of conviction is entered, but noting that "considerations of federalism counsel strongly against exercising the power except in the most

3

extraordinary circumstances").

Although it appears that Petitioner has exhausted state remedies for his speedy trial claim, it further appears that much of the delay in his case has been due to the interlocutory appeals. Petitioner's case has been steadily progressing in state court, and now that the Michigan Supreme Court has ruled that the prosecution may not re-charge Petitioner with felony murder, this Court is confident that the state courts will promptly set Petitioner's case for trial. Even if Petitioner could establish that there has been an unreasonable delay in bringing him to trial, "[a]nother crucial element in such a claim . . . is the degree of prejudice suffered by a defendant, an element that can be accurately ascertained only after completion of the trial." *Atkins*, 644 F.2d at 549.

The Court concludes that there are no extraordinary circumstances warranting intrusion into state proceedings already underway. Consequently, the habeas corpus petition (Dkt. #1) is summarily DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in U.S. District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .")

It is further ordered that a certificate of appealability shall not issue because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Finally, because an appeal could not be taken in good faith, the Court denies leave to proceed *in forma pauperis* on appeal, should Petitioner decide to appeal this decision. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

                                              S/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF

Dated: July 17, 2014                               UNITED STATES DISTRICT JUDGE